IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HAROLD CUNNINGHAM**

  Plaintiff,

      v.

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL**
**SECURITY**

  Defendant.

**CIVIL NO. 04-2016 (PG)**

## REPORT AND RECOMMENDATION

Upon careful review and consideration of the administrative record, as well as the parties' memoranda (Docket no. 11 and 15), the Court hereby **RECOMMENDS** that the case be **REMANDED** to the Commissioner of Social Security for proceedings consistent with the present ruling.

In the case at bar the ALJ determined that plaintiff Harold Cunningham has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR sec. 404.1520 (b); he is unable to perform any of his past relevant work; he has no transferable skills from any past relevant work; and he is currently a person of advanced age (Tr. 26). The ALJ, however, failed to retain the services of a vocational expert to show what jobs, if any, the plaintiff could perform.

Where a claimant, as here, has non-exertional impairments which could significantly limit his occupational base, an ALJ must retain the services of a vocational expert in order for the Commissioner to carry her burden of proving that there are jobs in the economy which the plaintiff can perform. See Heggarty v. Sullivan, 947 F. 2d 990, 995-996; Ortiz v. S.H.H.S., 890 F. 2d 520, 524 (1st Cir. 1989). Since the ALJ did not retain such expert, a remand is warranted on this ground, more so, when plaintiff's impairment, by the ALJ's own description, is "severe".

Therefore, the Court **RECOMMENDS** that the case be **REMANDED** to the Commissioner of Social Security to obtain the services of a vocational expert. The ALJ is also free to consider any

**CIVIL NO. 04-2016 (PG)**                               2

additional new evidence which may be of relevance to his ultimate decision.  The present ruling is not to be considered an opinion as to the ultimate merits of plaintiff's disability claim.

      Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objections is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>Davet v. Maccorone</u>, 973 F. 2d 22, 30-31 (1ST Cir. 1992).

      **SO RECOMMENDED.**

In San Juan, Puerto Rico this 14th day of June, 2005.

*S/ Gustavo A. Gelpi*
**GUSTAVO A. GELPI**
**U.S. Magistrate Judge**